# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 06-CR-219

MATTHEW D. KATCHEM,

        Defendant.

---

## RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH ON THE DEFENDANT'S MOTION TO SUPPRESS

On September 12, 2006 the grand jury returned a one count indictment alleging that the defendant, Matthew D. Katchem ("Katchem") possessed two firearms after having had previously convicted of at least three violent felony offenses and a serious drug offense, in violation of Title 18, United States Code, Section 922(g)(1) and 924(e). Also included in the indictment was a notice of forfeiture.

On October 31, 2006, Katchem filed a motion to suppress evidence seized pursuant to a state court search warrant. Katchem argues that the warrant was not supported by probable cause. If this court determines that the warrant is not supported by probable cause, Katchem requests an evidentiary hearing as to the issue of whether the good faith exception recognized under United States v. Leon, 468 U.S. 897 (1984), should apply. Katchem further requests that the parties be permitted to brief the Leon issue after the evidentiary hearing and the preparation of a transcript. A final pretrial is scheduled for December 20, 2006, and a jury trial is scheduled to commence before the Honorable William C. Griesbach on January 4, 2007.

## PROBABLE CAUSE

This court does not believe than an evidentiary hearing is necessary regarding the defendant's motion to suppress. "When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." United States v. Peck, 317 F.3d 754, 755-756 (7th Cir. 2003) (citing United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967)). Probable cause is a fluid concept, United States v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990), determined by the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 238 (1983). An affidavit has made a proper showing of probable cause when it sets forth facts "sufficient to induce a reasonably prudent person to believe that a search . . . will uncover evidence of a crime." McNeese, 901 F.2d at 592; Gates, 462 U.S. at 238 (probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place); United States v. Gilbert, 45 F.3d 1163, 1166 (7th Cir.1995).

The affidavit relied upon in support of the affidavit in the present case sets forth the following facts as the basis for the probable cause to search the defendant's residence: (1) the affiant police officer received information from another police officer who had been told by a "concerned citizen" that the citizen's ex-girlfriend had taken his car and may be at her new boyfriend's house in the 1100 block of Porlier Street in Green Bay; (2) the new boyfriend's name is "Matt" and "Matt" had just been released from the Brown County Jail after being held on a charge of violating his probation; (3) this citizen stated that Matt had guns and illegal drugs in his house; (4) the affiant checked Brown County Jail records and determined that the defendant had been released yesterday from a probation hold; (5) the defendant's address according to jail records was 1280 Porlier, apartment one; (6) the affiant received information from the defendant's probation agent who stated that Katchem had appeared at a regularly scheduled meeting and appeared to be under the influence of a psychoactive substance; (7) during this meeting, Katchem made the

2

statement that he "is a street hoodlum, a thug who shoots people, has guns, and, supplies most of the cocaine to dealers in this part of Wisconsin;" (8) Katchem is a convicted felon and had been convicted of being a felon in possession of a firearm, felony handgun transfer-buyer giving false information, manufacture/deliver cocaine as a habitual criminal, and in the state of Illinois had been arrested and/or convicted of possession of stolen vehicle, possession of controlled substances, robbery and unlawful use of weapons; (9) "based upon the affiant's training and experience, individuals involved in criminal activities have been found to possess weapons to protect themselves, or further criminal offenses such as robbery or violence in the commission of a crime."

These factual allegations do not constitute probable cause. The central piece of information appears to be the triple-hearsay statement from the "concerned citizen." The affidavit lacks information to substantiate credibility of this informant.

> Where information from an informant is used to establish probable cause, courts should assess the informant's credibility by considering the following factors: (1) whether the informant personally observed the events, (2) the degree of detail shown in the informant's statements, (3) whether the police independently corroborated the information, (4) the interval of time between the events and application for a warrant, and (5) whether the informant appeared in person before the judicial officer who issued the warrant.

United States v. Mykytiuk, 402 F.3d 773, 776 (7th Cir. 2005) (citing United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002); United States v. Jones, 208 F.3d 603, 609 (7th Cir. 2000)).

There is no explanation as to the source for the informant's knowledge, especially that Matt had guns and illegal drugs in his house. The affidavit does not say that the informant's ex-girlfriend told him the information concerning Matt, and there is absolutely no indication that the information is based upon the informant's personal observations. Failing to identify the source of the information is only one deficiency. Another is the reliability of the information. The affidavit raises a strong inference that the informant may have been motivated to be less-than-truthful. The informant's allegations pertain to the new boyfriend of his ex-girlfriend. Additionally, the

3

informant's ex-girlfriend "took his car for a ride." Whether she had permission to take his care is unanswered. Then, the informant states that she may have used the car to visit her new boyfriend. Under such circumstances, it is entirely possible that the informant's allegations were motivated by a desire to get his ex-girlfriend and her new boyfriend in trouble with the police. Thus, the informant's allegations are facially suspect and insufficient to support the conclusion that guns are probably in the defendant's house.

The only direct substantiation of the informant's allegations were the boasts the defendant made to his probation agent while apparently under the influence of a psychoactive substance. While the affiant received this information from the probation officer on the same day he applied for the warrant, there is no indication as to when these statements were made by the defendant. The defendant had just been released the preceding day from a probation hold, but the affidavit does not say if these boasts preceded or were subsequent to the probation hold. There is also no indication of how long the defendant was in custody on that probation hold. Thus, it is reasonable to infer that these boasts were made long before the application for the search warrant and maybe even formed the basis for the hold. Statements made long before the application for the search warrant are of little value in determining whether weapons were presently in the defendant's home.

The timing of these statements is also important because, according to the affidavit, Katchem had been living at the residence on Porlier Street for less than a month. If the statements were made before the hold, it is possible that Katchem was not living at the Porlier Street residence at the time he made the statements. Thus, the relevance of these statements as supporting probable cause to search Katchem's Porlier Street residence is additionally suspect.

The defendant's criminal record is also insufficient to establish probable cause. Not all convicted felons maintain weapons at their residences. In fact, in this regard the affiant's statement is disingenuous. Officer Swanson says that "individuals involved in criminal activities have been

4

found to possess weapons." However, there is no showing that the defendant was presently suspected of being involved in any criminal activities. Although a person's criminal record ordinarily bears some relevance to the issue of probable cause, in no way does this mean that a person loses Fourth Amendment protection upon a criminal conviction.

It is also noteworthy that the affiant appears to have believed only half of the information that he received. Both the informant and the defendant in his intoxicated boast referenced the possession of guns *and* illegal drugs. However, the search warrant specified exclusively firearms. The defendant's criminal record also substantiated the possibility of drug possession in much the same way that it might have supported the possibility of firearm possession.

In fact, based upon the facts presented in the affidavit, there may have stronger belief that the defendant had controlled substances in his residence as opposed to firearms. Specifically, the affidavit notes that the defendant appeared to be under the influence of a psychoactive substance when he met with his probation agent. If the defendant was under the influence, there is at least the possibility that additional drugs could be found at his home. Contrarily, the affidavit specifically notes that when the defendant was searched following his arrest, no weapons were found on his person. The government appears to argue that the absence of weapons upon the search of the defendant bolsters the affiant's allegation that weapons would be found in the defendant's house on the basis that if the weapons were not with the defendant, that means that they would likely be at his home. However, the court finds this inference strained. It would be entirely inappropriate for the police to believe that there is cause to search a person's home every time they search a person and fail to recover a weapon, based upon the inference that if no weapon is recovered on the person, it must have been left at their home.

5

Therefore, for the reasons stated above, it is the opinion of this court that the search warrant was not supported by probable cause. Thus, the evidence seized should be suppressed unless the good faith exception, set forth in United States v. Leon, 468 U.S. 897 (1984), applies.

## LEON GOOD FAITH EXCEPTION

If a police officer could have objectively relied upon the search warrant, then evidence seized pursuant to the warrant shall not be suppressed simply because the search warrant was later determined to be defective. Id. at 922. Because the test is an objective one, it is not necessary that this court conduct an evidentiary hearing to determine whether the particular officers involved in the execution in the warrant at issue in this case did, in fact, rely upon it. The question is whether a reasonable and well-trained police officer would have believed that this warrant was valid. See id. at 922 n.3; see also, United States v. Dickerson, 975 F.2d 1245, 1250 (7th Cir. 1992).

An officer's decision to obtain a search warrant is prima facie evidence of good faith, "rebuttable if the affidavit was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" United States v. Merritt, 361 F.3d 1005, 1013 (7th Cir. 2004) (quoting United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002)).

This court believes it would not have been entirely unreasonable for a police officer to rely upon the search warrant and to believe that the warrant was supported by probable cause. Police officers are not expected to be trained as lawyers and are not required review search warrants with the scrutiny demanded from a judicial officer. However, police officers cannot blindly rely upon a search warrant simply because it bears the signature of a judge.

Even though it contains deficiencies, the affidavit supporting the warrant bears the indicia of probable cause. The assertions contained in the affidavit are not bare bones and for the most part are not boilerplate. See Merritt, 361 F.3d at 1013 (citing United States v. Peck, 317 F.3d 754, 757

6

(7th Cir. 2003)). Without a more searching analysis, it appears that the allegations regarding the defendant's possession of weapons is supported by three independent sources–the report of a citizen, the defendant's criminal record, and most significantly, the defendant's own statements. The defendant's own statements contained in the affidavit, as statements against his penal interest, would ordinarily be considered reliable and could be relied upon by a reasonable police officer.

Additionally, the fact that the warrant was approved by a judge is relevant to the reasonableness of a police officer's reliance. Merritt, 361 F.3d at 1013. "It is the judicial officer's responsibility to determine whether probable cause exists to issue a warrant, and, in the ordinary case, police officers cannot be expected to question that determination." Illinois v. Krull, 480 U.S. 340, 349 (1987) (see also, Massachusetts v. Sheppard, 468 U.S. 981, 989-90 (1984) ("[W]e refuse to rule that an officer is required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possesses authorizes him to conduct the search he has requested.").

Finally, suppression in this instance would not serve the rationale of the exclusionary rule. Suppression of evidence should be a last resort rather than a first impulse. Hudson v. Michigan, 126 S. Ct. 2159, 2163 (2006). The exclusionary rule developed largely as a means of restraining police misconduct. See, e.g., Mapp v. Ohio, 367 U.S. 643, 656 (1961) (quoting Elkins v. United States, 364 U.S. 206, 217 (1960)). But in the present case, it is not the conduct of the police that must be modified. The error that occurred, in the opinion of this court, was the failure of the court commissioner who signed the warrant to request additional information from the police officers. Had this been done, the questions raised by this court may have been satisfactorily answered and, if not, the warrant should not have been issued. In this case, these infirmities should not be placed at the police officer's doorstep. The police were entitled to rely on the warrant.

**IT IS THEREFORE RECOMMENDED** that the defendant's motion to suppress be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Criminal Procedure 59 (b)(2), and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge