UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                      Case No. 06-CR-219

MATTHEW D. KATCHEM,

        Defendant.

## MEMORANDUM DECISION AND ORDER

Defendant Matthew D. Katchem is charged in a one count indictment with possession of two firearms after having previously been convicted of at least three violent felony offenses and a serious drug offense, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(e). Following his arraignment, the case was referred to the magistrate judge for pretrial proceedings as is the practice in this district. On October 31, 2006, Katchem filed a motion to suppress the evidence against him that was seized pursuant to a state search warrant on the ground that it was not supported by probable cause. On November 16, 2006, Magistrate Judge Aaron E. Goodstein issued a written recommendation that the motion be denied. In a thorough discussion of the motion, Judge Goodstein first concluded that the affidavit filed in support of the search warrant was insufficient to establish probable cause. Judge Goodstein further concluded, however, that the officer acted in good faith in executing the warrant and thus the motion to suppress should be denied.

Defendant filed a timely objection to Judge Goodstein's recommendation in which he asked this court to adopt the recommendation of the magistrate to the extent that it finds the search warrant

was not supported by probable cause. However, Katchem argues that the court should reject the magistrate judge's conclusion that the good faith exception to the exclusionary rule applies and grant the defendant's motion to suppress. In response, the government does not challenge Judge Goodstein's ruling that the warrant is not supported by probable cause, but urges adoption of his conclusion that the good faith exception applies. For the reasons that follow, I decline to overturn the issuing magistrate's determination of probable cause. Alternatively, I adopt Magistrate Judge Goodstein's recommendation that the officers acted in good faith. In any event, Katchem's motion to suppress will be denied.

The warrant at issue authorized the search of Katchem's apartment at 1280 Porlier Street in Green Bay for firearms and related articles. It was issued on the basis of an affidavit of Officer David Swanson of the Green Bay Police Department, which recounted the following facts. Swanson, an officer with 30 years of law enforcement experience, received information from Detective Commander Molitor that a concerned citizen had reported to him at 1:00 p.m. on July 12, 2006, that his ex-girlfriend took his car for a ride to her new boyfriend's house and that it may be in the 1100 block of Porlier Street. (Mot. To Suppress, Ex. A ¶ 2.) The new boyfriend's name is Matt, and Matt has just been released from the Brown County Jail on a probation violation charge. According to the "concerned citizen" Matt had guns and illegal drugs in his house. Upon checking with the jail, Officer Swanson learned that Matthew D. Katchem was released the previous day from a probation hold and that his address was an apartment at 1280 Porlier Street. (*Id.*)

The affidavit further states that at about 4:00 p.m. on the same day, Officer Swanson received information from Robert Fusfeld, Katchem's probation agent, that Katchem showed up at a regularly scheduled meeting and appeared to be under the influence of some psychoactive

substance. In the course of the interview, Katchem declared that he "is a street hoodlum, a thug who shoots people, has guns, and supplies most of the cocaine to dealers in this part of Wisconsin." According to Agent Fusfeld, Katchem lived at 1280 Porlier Street, apartment one. (*Id.* ¶ 3.) Agent Fusfeld requested the assistance of the Green Bay Police Department in taking Katchem into custody, and two officers responded. Katchem was taken into custody at 4:30 p.m. by Officers Christian and Opperman. No weapons were found on his person. (*Id.* ¶ 4.)

According to his affidavit, Officer Swanson confirmed with criminal history records maintained by the State of Wisconsin that Katchem had previously been convicted of a number of felonies, and he confirmed with the owner of the building located at 1280 Porlier Street that Katchem was indeed the tenant in apartment one. Finally, Officer Swanson noted that people who own firearms generally keep them on their person, in their home or in their vehicle. (*Id.* ¶¶ 6-9.) Based on the foregoing, Officer Swanson requested a warrant to search Katchem's apartment and the Chevrolet Tahoe that was registered in his name and was located in the parking lot. (*Id.*) Brown County Court Commissioner Lawrence L. Gazeley signed the warrant at 10:40 p.m. on the same day.

In *Illinois v. Gates*, 462 U.S. 213, 238 (1983), the Supreme Court abandoned the two-prong test established by its previous decisions in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969), and held that the Fourth Amendment's requirement of probable cause for the issuance of a warrant is to be determined from the totality of the circumstances made known to the magistrate.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay

3

information, there is a fair probability that contraband or evidence of a crime will be
found in a particular place. And the duty of a reviewing court is simply to ensure that
the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause
existed.

*Gates*, 462 U.S. at 238-39.

Based on his analysis of the affidavit submitted in support of the warrant at issue in this case, Judge Goodstein concluded that the information provided did not establish probable cause to search Katchem's apartment. Although Katchem's prior record clearly establishes the fact that he is prohibited under federal law from possessing firearms, Judge Goodstein properly concluded that it did not establish a probability that Katchem was in violation of the law at the time application for the warrant was made or that firearms would be found in his apartment. To establish probable cause that he was storing firearms at his apartment, Officer Swanson had only two items of evidence. The first was the information from the concerned citizen, who was also the ex-boyfriend of the woman Katchem was apparently seeing. Given this relationship and the uncertainty as to how the "concerned citizen" had obtained the information he reported, Judge Goodstein was also correct in concluding that this information, by itself, did not establish probable cause. *But see Gates*, 462 U.S. at 233-34 ("[I]f an unquestionably honest citizen comes forward with a report of criminal activity-which if fabricated would subject him to criminal liability-we have found rigorous scrutiny of the basis of his knowledge unnecessary.") (citing *Adams v. Williams*, 407 U.S. 143 (1972)). The question is closer, however, with respect to the statements attributed to Katchem himself.

Judge Goodstein concluded that Katchem's own statement to his probation officer that he "is a street hoodlum, a thug who shoots people, has guns, and supplies most of the cocaine to dealers in this part of Wisconsin" was insufficient for several reasons. First, Judge Goodstein saw

4

no indication in the affidavit of when the inculpatory statements were made by Katchem:

> While the affiant received this information from the probation officer on the same day he applied for the warrant, there is no indication as to when these statements were made by the defendant. The defendant had just been released the preceding day from a probation hold, but the affidavit does not say if these boasts preceded or were subsequent to the probation hold. There is also no indication of how long the defendant was in custody on that probation hold. Thus, it is reasonable to infer that these boasts were made long before the application for the search warrant and maybe even formed the basis for the hold. Statements made long before the application for the search warrant are of little value in determining whether weapons were presently in the defendant's home.

(Recommendation at 4.) Judge Goodstein felt that the timing of the statements was crucial because Katchem had only been living at the 1280 Porlier Street address for a month. Thus, it was possible the statements were made even before he lived there. Judge Goodstein also found it noteworthy that the warrant sought only firearms and related items and not cocaine or evidence of drug dealing, despite the fact that Katchem's statement provided a basis for searching for such evidence. This suggested, the Magistrate Judge concluded, that the affiant believed only half of the information he received. And since the probation officer reported that Katchem appeared to be under the influence at the time he made the statement, "there was at least the possibility that additional drugs could be found at the home." (*Id.* at 5.) By contrast, Judge Goodstein saw no reason in the information provided in the affidavit to believe that firearms would be found there. The mere fact that a search of Katchem's person had not produced a firearm did not suggest that one would be found in his apartment. In the Magistrate Judge's view, "It would be entirely inappropriate for the police to believe that there is cause to search a person's home every time they search a person and fail to discover a weapon, based on the assumption that if no weapon is recovered on the person, it must have been left at home." (*Id.*) For these reasons, Judge Goodstein concluded that Katchem's own

5

statements did not support a finding of probable cause, even when considered with the report of the unnamed "concerned citizen."

Although the government does not contest Judge Goodstein's conclusion that the warrant failed to establish probable cause, I note that an argument could be made that the issuing magistrate's determination of probable cause should have been given more deference. This was one of the Court's principal holdings in *Gates*:

> ... we have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. . . . A grudging or negative attitude by reviewing courts toward warrants . . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate . . . warrant[s] by interpreting affidavit [s] in a hypertechnical, rather than a commonsense, manner.

462 U.S. at 236 (internal citations and quotations omitted). In evaluating the weight to be given Katchem's own statement, for example, Judge Goodstein thought it reasonable to infer that they were made "long before the application for the search warrant and maybe even formed the basis for the hold." (Recommendation at 4.) But even though the affidavit is not a model of clarity, it seems more reasonable to infer that the statements were made the same day. Otherwise, the affidavit would have, or at least should have, said so.[1] Agent Fusfeld's request for the assistance of police officers to take Katchem into custody at his office certainly suggests that the threat implicit in the statement was current. The fact that the affidavit is not as precise on this issue as it could be is not a reason for concluding the information is stale. A magistrate called upon to issue a search warrant

---

[1] If, in fact, the information provided by Agent Fusfeld was stale, Katchem may have an argument that the search was invalid under *Franks v. Delaware*, 438 U.S. 154 (1978) (holding that search warrant issued on the basis of false statement intentionally or recklessly made by officer is void). Katchem makes no such claim here.

is entitled to draw reasonable inferences from the material supplied him. *Id.* at 240. As the Court also recognized in *Gates*, affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation." 462 U.S. at 235 (citing *United States v. Ventresca*, 380 U.S. 102, 108 (1965)). It is for this reason that a common sense, rather than hyper-technical reading is called for.

Assuming the statement was contemporaneous with the report of Agent Fusfeld, the other reasons Judge Goodstein gave for discounting it are equally challengeable. The fact that Officer Swanson did not include evidence of drug dealing in his warrant application should not be taken to mean he did not believe the statement. If that were true, he would not have applied for a warrant at all. It more likely was the result of oversight "in the midst and haste of a criminal investigation," *id.*, or less of a sense of urgency concerning drug crimes than firearms. It could also reflect the fact that unlike drugs, firearms are not fungible. This quality of a firearm also supports the inference that, if not found on his person, Katchem probably had it in his apartment. An issuing magistrate is "entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir.1996) (quoting *United States v. Lawson*, 999 F.2d 985, 987 (6th Cir.1993)); *see also United States v. Graham*, 275 F.3d 490, 503 (6th Cir. 2001) ("In this case, there was ample evidence in the affidavit to allow the magistrate judge to draw a reasonable inference, based on the durable nature of firearms and the ongoing nature of the alleged conspiracy, that evidence of the crime would be found at Graham's home."). Allowing such an inference would not amount to authorization for police to search a person's house simply because the search of his person failed to disclose a firearm. Only if there is probable cause to believe the person possesses or owns a firearm is there a basis for inferring where it would probably be kept.

7

Finally, the fact that Katchem appeared to be under the influence of some psychoactive substance at the time he made the statements does not mean they were not true. It could also explain why he was so unguarded as to make such incriminating statements to his probation officer. Statements made by a person under the influence are not rendered inadmissible at trial and can even be used to support a conviction. Certainly, they can support a finding of probable cause.

In light of these considerations and given the deferential standard of review required under *Gates*, I am unable to say that the issuing magistrate lacked a substantial basis for finding that probable cause to search Katchem's apartment existed. He clearly had before him more than "a mere hunch" or "a bare recital of legal conclusions." *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984). Katchem's own statement, together with the other information contained in the affidavit, was sufficient to create "a fair probability" *Gates*, 462 U.S. at 238, that firearms or the related items sought in the warrant would be found in his home. This is not to say that Katchem's statement could not also have been reasonably viewed as an empty boast induced by drugs. But in light of the other information provided by the "concerned citizen," police were not unreasonable is taking it seriously and seeking a warrant. Police are entitled to take a suspect's own statements at face value, and they are not required to rule out all possible inferences consistent with an individual's innocense before seeking a warrant to conduct a search of his property. "[P]robable cause does not demand the certainty we associate with formal trials." *Id.* at 246. It is enough if the inference they make is "a reasonable one and conform[s] with the other pieces of evidence making up the total showing of probable cause." *Id.* at 734. I therefore decline to overturn the issuing magistrate's determination of probable cause.

Of course, given these considerations, I agree with Judge Goodstein's further finding that

8

police were entitled to rely on the warrant and acted in good faith in doing so. An officer's decision to seek a warrant is prima facie evidence of good faith. Such evidence is rebutted "if the affidavit was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *United States v. Merritt*, 361 F.3d 1005, 1013 (7th Cir. 2004) (quoting *United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002). Since I have upheld the issuing magistrate judge's determination of probable cause, it necessarily follows that I do not find the affidavit so lacking in probable cause that it would have been unreasonable for the officers to rely on it. As an alternative ruling, I therefore adopt Judge Goodstein's recommendation that the motion to suppress be denied based on the "good faith" exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897 (1984). Based on either conclusion, Katchem's motion to suppress must be denied.

**SO ORDERED** this 20th day of December, 2006.

   s/ William C. Griesbach
William C. Griesbach
United States District Judge